UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

       -against-                       NOTICE OF MOTION

JOSE FRANCISCO MENDOZA, et al.,

                                      S2 07 CR 756 (RJS)

                Defendants
------------------------------------------------------------x

     PLEASE TAKE NOTICE, that upon the annexed affirmation and memorandum of law of JOHN BURKE, ESQ., sworn to the 31st day of January, 2008, and upon the indictment, and all other proceedings here, the defendant, CANDIDO RAFAEL FERNANDEZ, will move this Court on a day to be determined by this Court, for an Order directing.

     1.     That the Government disclose all 404(B) evidence it intends to introduce at the trial of this case;

     2.     Discovery, inspection of all materials in the possession of the Government favorable to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963).

     3.     That the trial of CANDIDO RAFAEL FERNANDEZ be severed from that of his co-defendants pursuant to F.R.Cr.P. 14;

     4.     That CANDIDO RAFAEL FERNANDEZ be permitted to join in the motions filed by co-defendants;

     5.    That the defense be permitted to file further motions.

Dated:  Brooklyn, New York
         January 31, 2008

                              Yours, etc.,

                              JOHN BURKE
                              Attorney for Defendant
                               CANDIDO RAFAEL FERNANDEZ
                              26 Court Street - Suite 2805
                              Brooklyn, New York   11242
                              (718) 875-3707

TO:   UNITED STATES ATTORNEY
       SOUTHERN  DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

              -against-

JOSE FRANCISCO MENDOZA, et al.,

              Defendants.
-------------------------------------------------------------x

AFFIRMATION AND
MEMORANDUM
OF LAW

S2 07 CR 756 (RJS)

JOHN BURKE, a member of the Bar of this Court, affirms the following under penalty of perjury:

That I am the attorney of record for the defendant CANDIDO RAFAEL FERNANDEZ and I am fully familiar with all the facts and circumstances as revealed by the file maintained in my office.

I submit this affirmation and memorandum of law in support of various motions made by defendant CANDIDO RAFAEL FERNANDEZ.

### I. F.R.E. 404(B) MATERIAL

The Government, upon information and belief, intends to introduce evidence concerning prior bad acts of the defendant Fernandez at trial.

The defense requests that the Government list any 404(B) evidence it will seek to introduce at trial. The defense also asks that the Government set forth the

1

proposed reasons for the admissibility of such evidence.

Fed. Rules Evid. Rule 403, 28 U.S.C.A., states that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence".  For evidence of other bad acts to be accepted, it must be established by a preponderance of the evidence.  United States v. DeVaughn, 601 F.2d 42 (2nd Cir. 1979); United States v. Peterson, 808 F.2d 959 (2nd Cir. 1987)

Fernandez requests permission to respond to the Government's 404(B) requests once they have been disclosed to the defense.

## 2. BRADY MATERIAL

Under the principals initiated in Brady v. Maryland, 373 U.S. 83 (1963), the government must deliver to the defendant all evidence favorable to him bearing on any of the issues raised by the indictment or the government's proof at trial.  Delay of production of this material until trial may make it of little use to the defense.  If, for example, it is only at trial that defendant is informed that a witness absolved him of complicity of an act, it may be too late for defense counsel to find the witness. Pretrial discovery is necessary if any effective defense is to be had.  United States v.

Coppa, 267 F.3d 132 (2nd Cir, 2001).

### 3. SEVERANCE

Fernandez moves, pursuant to F.R.Cr.P. 14, for an Order granting him a trial separate and apart from his co-defendants. The instant indictment charges Fernandez with participating in a wide ranging conspiracy to distribute narcotics. He is charged with approximately ten other co-defendants in this narcotics conspiracy that allegedly lasted 18 months. If Fernandez is tried by himself, the trial would last approximately three days. However, if Fernandez is tried with all his co-defendants, the trial will last two months and he will be unduly prejudiced by the spill over evidence contained in the numerous criminal acts unrelated to his case. The number of defendants and transactions placed before the jury in a "mega-trial" will operate to deny Fernandez a fair trial. United States v. Casamento, 887 F.2d 1141, 1149-54 (2nd Cir. 1989). The evidence admissible against the other defendants is prejudicial to Fernandez and a separate trial should be held to avoid that prejudice. United States v. Dione, 954 F.2d 839, 843 (2nd Cir. 1991).

Fernandez also requests permission to make further severance motions based upon the principles of Bruton v. United States, 391 U.S. 123 (1968). The defense

requests copies of all co-defendant statements that the Government intends to introduce at trial. Until these statements are provided, Fernandez cannot determine if any <u>Bruton</u> issues exist.

### 4. FERNANDEZ REQUESTS PERMISSION TO JOIN IN THE MOTIONS OF HIS CO-DEFENDANTS

Currently, Fernandez is joined in an indictment with 10 other defendants. He requests permission to join in those motions made by any similarly situated co-defendant applicable to him. These motions may include requests for severance and suppression of wire tapped conversations. This joinder will promote judicial economy, prevent unnecessary litigation and should be granted in the interest of justice. <u>United States</u> v. <u>Feola,</u> 651 F, Supp. 1068 (1987).

### 5. OTHER MOTIONS

Counsel has endeavored to bring all motions applicable at this time but requests leave to bring any additional motions which may become necessary based upon the Government's response to the present motions or new facts uncovered by the defendant's ongoing investigation into this case. Based upon what tapes the Government may play at trial, the defense may request audibility hearings.

WHEREFORE, the defendant respectfully moves for the relief set forth herein,

and for such other and further relief as the Court may deem just and proper.

Dated:  Brooklyn, New York
        January 31, 2008

                                  JOHN BURKE
                                Attorney for Defendant
                                 CANDIDO RAFAEL FERNANDEZ
                                26 Court Street - Suite 2805
                                Brooklyn, New York   11242
                                (718) 875-3707