UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                               :
UNITED STATES OF AMERICA       :
                               :    S2 07 Cr. 756 (RJS)
        - v. -                 :
                               :
JOSE MANUEL CARRANZA-IBANEZ,   :    **BY ECF**
 et al.,                       :
                               :
            Defendants.        :
                               :
- - - - - - - - - - - - - - - x

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO THE
PRETRIAL MOTIONS OF DEFENDANT CANDIDO RAFAEL FERNANDEZ**

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the United States
                                 of America

Marshall A. Camp
Rua M. Kelly
Assistant United States Attorneys
       - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x
                            :

UNITED STATES OF AMERICA    :

                          :    S2 07 Cr. 756 (RJS)

      - v. -         :

                          :

JOSE MANUEL CARRANZA-IBANEZ,  :
 et al.,                :

            Defendants.  :

                          :
- - - - - - - - - - - - - - - x

### GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO THE PRETRIAL MOTIONS OF DEFENDANT CANDIDO RAFAEL FERNANDEZ

Defendant Candido Rafael Fernandez, a/k/a "Ralphie," moves the Court for orders directing (1) that the Government disclose all evidence it intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence, (2) discovery and inspection of <u>Brady</u> materials in the possession of the Government favorable to Fernandez, and (3) that Fernandez's trial be severed from that of his co-defendants pursuant to Rule 14 of the Federal Rules of Criminal Procedure.

The Government presently does not expect to offer any evidence against Fernandez pursuant to Rule 404(b), but opposes the defendant's motion to the extent that it is intended to foreclose the Government from seeking to offer such evidence in the future.

The Government is aware of its <u>Brady</u> obligations and presently is unaware of any <u>Brady</u> materials.

The defendant's motion for a separate trial is not supported

by any legal basis for severance and would require a significant
duplication of evidence and testimony if granted.  It should
therefore be denied.

**I.    The Government Presently Does Not Expect To Introduce Any
        Rule 404(b) Evidence Against Fernandez But Opposes Any
        Effort To Foreclose Such Evidence**

        The Government presently does not expect to offer at trial
any evidence against Fernandez pursuant to Rule 404(b) of the
Federal Rules of Evidence.  Rule 404(b) does not, however, set a
time limit for the Government to disclose evidence it intends to
offer pursuant to the rule.  Such a limitation would be
unworkable, because the Government cannot predict whether it will
offer such evidence until the proof and the anticipated defenses
begin to crystallize as the trial date nears.  United States v.
Matos-Peralta, 691 F. Supp. 780, 791 (S.D.N.Y. 1988).  Indeed,
the Second Circuit has approved disclosure of Rule 404(b)
evidence as late as several days before and even during trial,
depending on the circumstances of the particular case.  See
United States v. Valenti, 60 F.3d 941, 945 (2d Cir. 1995) (notice
four days prior to trial sufficient where Government provided
documents to defense on same day they were obtained); United
States v. Matthews, 20 F.3d 538, 551 (2d Cir. 1994) (notice
during trial sufficient when balanced against need to avoid
indirect disclosure of identity of Government witness).  To the
extent defendant's motion seeks to foreclose the Government from

-2-

offering Rule 404(b) evidence even with timely notice or excusal for good cause shown, it should be denied.

## II.   The Government Is Unaware Of Any _Brady_ Material With Respect To Fernandez

The Government recognizes its obligations under <u>Brady</u> v. <u>Maryland</u>, 373 U.S. 83 (1963), and its progeny.  The Government currently is unaware of any <u>Brady</u> material with respect to defendant Fernandez, but it will provide timely disclosure if any such material comes to light.

## III.  Fernandez's Severance Motion Should Be Denied

Fernandez moves for a trial separate and apart from his co-defendants.  There are no valid grounds to sever Fernandez from his co-defendants for trial, and to do so would result in a significant waste of resources and duplication of witnesses and evidence at separate trials.  Accordingly, Fernandez's severance motion should be denied.

### A.   Legal Standard

Rule 14 of the Federal Rules of Criminal Procedure governs severance of co-defendants for trial and provides in part:

> [i]f it appears that a defendant . . . is prejudiced by a joinder . . . of defendants in an indictment . . . or by such joinder for trial together, the court may . . . grant a severance of defendants or provide whatever other relief justice requires.

There is a strong preference in the federal system for joint trials of defendants indicted together, and "[t]he principles

that guide the district court's consideration of a motion for severance usually counsel denial." United States v. Rosa, 11 F.3d 315, 341 (2d Cir. 1993). Joint trials serve important purposes: they "conserve[] judicial resources, alleviate[] the burdens on citizens serving as jurors, and avoid[] the necessity of having witnesses reiterate testimony in a series of trials." United States v. Lyles, 593 F.2d 182, 191 (2d Cir. 1979) (quoting United States v. Borelli, 435 F.2d 500, 502 (2d Cir. 1970)). They additionally avoid "randomly favoring the last-tried defendants, who have the advantage of knowing the prosecution's case beforehand," and "generally avoid the scandal and inequity of inconsistent verdicts." Richardson v. Marsh, 481 U.S. 200, 210 (1987). Severance motions should be granted only where "there is a serious risk that a joint trial would compromise a specific trial right of the moving defendant or prevent the jury from making a reliable judgment about guilt or innocence." Rosa, 11 F.3d at 341 (citing Zafiro v. United States, 506 U.S. 534, 113 S. Ct. 933, 937-38 (1993)).[1]

---

[1]     A defendant challenging the denial of a severance motion on appeal faces the "extremely difficult burden," United States v. Casamento, 887 F. 2d 1141, 1149 (2d Cir. 1989) (quoting United States v. Carpentier, 689 F. 2d 21, 27 (2d Cir. 1982)), of showing that he was so prejudiced by the joinder that he was denied a constitutionally fair trial. United States v. Torres, 901 F.2d 205, 230 (2d Cir. 1990); United States v. Burke, 700 F.2d 70, 83 (2d Cir. 1983).

The presumption in favor of joint trials is particularly strong where the defendants to be jointly tried are alleged to have been members of the same conspiracy.  <u>United States</u> v. <u>Zafiro</u>, 945 F.2d 881, 885 (7th Cir. 1991), <u>aff'd</u>, 506 U.S. 534 (1993); <u>see also</u>, <u>Rosa</u>, 11 F.3d at 341.  This is true in part because where "all defendants are charged with the same conspiracy, much of the evidence would be admissible against each defendant, even in a separate trial." <u>United States</u> v. <u>Stein</u>, 428 F. Supp. 2d 138, 144 (S.D.N.Y. 2006) (citing <u>Rosa</u>, 11 F.3d at 341).  Such evidence is "neither spillover nor prejudicial," and its existence does not alone warrant severance.  <u>Rosa</u>, 11 F.3d at 341.

B.    <u>Analysis</u>

Fernandez argues that the likely evidence against his co-defendants relates to "numerous criminal acts unrelated to his case" and is thus "prejudicial to Fernandez."  Def. Mot. at 3. The Indictments in this case (including the operative second superseding Indictment), however, charge the defendants in a single-count narcotics conspiracy.  Thus, there are no criminal acts alleged that are "unrelated" to the charge against Fernandez (or any other defendant).  While Fernandez is not alleged to have participated in every overt act in furtherance of the conspiracy, evidence of those overt acts is certainly related to - and admissible to prove - the conspiracy with which the defendants

are charged.  As the Second Circuit has noted, such evidence is "neither spillover nor prejudicial."  Rosa, 11 F.3d at 341; accord Stein, 428 F. Supp. 2d at 144.  Quite the contrary, because of the "coconspiratorial nature of the illegal activity," Rosa, 11 F.3d at 341, it is evidence that would be admissible against Fernandez even if he were tried separately.

Indeed, Fernandez is charged with conduct that is fundamentally interrelated with other parts of the narcotics conspiracy alleged in this case.  The Government would expect at trial to prove that Fernandez transported drugs and money to, from, and/or on behalf of other co-conspirators in furtherance of the conspiracy.  The proof against Fernandez is thus likely to be subsumed, at least in part, by other trial evidence (for instance, proof of the narcotics activities of other co-conspirators).  As a result, a separate trial for Fernandez would almost certainly require duplication of evidence and witnesses.

Fernandez's motion reduces to an argument that his *level of culpability*, and the quantum of evidence necessary to prove that culpability, are less than that of some of his co-defendants.  As the Second Circuit repeatedly has observed, however, "differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials."  United States v. Scarpa, 913 F.2d 993, 1015 (2d Cir. 1990) (citing authorities) (internal quotation

-6-

marks omitted).  Were the rule otherwise, many other defendants in this case would have an analogous claim to a separate trial, and the resources required to conduct those trials would be geometrically greater than what will be required in a single trial.

Fernandez does not and cannot identify any "specific trial right" that would be compromised by a joint trial, nor any reason to believe the jury will be prevented from making a "reliable judgment about guilt or innocence." Rosa, 11 F.3d at 341. Accordingly, his motion for a separate trial should be denied.[2]

---

[2]    Fernandez also seeks permission to file further severance motions based upon Bruton v. United States, 391 U.S. 123 (1968) and requests that the Government produce "all co-defendant statements that the Government intends to introduce at trial." Def. Mot. at 4.  Consistent with Rule 16 of the Federal Rules of Criminal Procedure, the Government already has produced the substance of relevant defendant statements of which it is aware.  See Fed. Rule Crim. P. 16(a)(1).  The Government recognizes that its obligation to provide discovery is of a continuing nature, and the Government will supplement its prior productions if it obtains additional evidence and materials.

## IV.  **Conclusion**

For the foregoing reasons, the Government respectfully requests that defendant Fernandez's pre-trial motions be denied.

Dated:    March 7, 2008
          New York, New York

                         MICHAEL J. GARCIA
                         United States Attorney
                         Southern District of New York

                          S/ Marshall Camp
              By:   _____
                         Marshall A. Camp / Rua M. Kelly
                         Assistant United States Attorneys
                         Tel.: (212) 637-1035 / 637-2471

## <u>AFFIRMATION OF SERVICE</u>

MARSHALL A. CAMP, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That on March 7, 2008, I caused copies of the within GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO THE TO THE PRETRIAL MOTIONS OF DEFENDANT CANDIDO RAFAEL FERNANDEZ to be delivered by ECF filing and facsimile to:

> John M. Burke, Esq.
> 26 Court Street, Suite 1215
> Brooklyn, N.Y. 11242
> Fax: (718) 875-0053

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:    New York, New York
          March 7, 2008

                          S/ Marshall Camp
                          _____
                          Marshall A. Camp
                          Assistant U.S. Attorney

-9-